IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Robert Aponte North
    Petitioner,

                        )

      v.                 )         RE: U.S.A. v. Robert North

                        )    Magistrate Judge No. 99-044-MW-01

United States of America
    Respondent,

**1 : CV01-1212**

COPY

FILED
SCRANTON
JUN 2 9 2001
PER _____
DEPUTY CLERK

PETITIONER FOR A WRIT OF MANDAMUS
PURSUANT TO 28 U.S.C. § 1361

Comes now, ROBERT APONTE NORTH, the pro se petitioner in the above captioned action and moves this Honorable Court for a Writ of Mandamus compelling the duty of a decision owed to Petitioner by the United States Parole Commission as mandated by The Parole Statute, 18 § 4210 et seq. and 28 C.F.R. § 2.44 et seq.

## JURISDICTION

This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1361, The Mandamus and Venue Act and the authority of the Supreme Court as announced in the principles of Morrissey v. Brewer, 408 U.S. 471 (1972).

1

## STATEMENT OF RELEVANT FACTS AND PROCEDURE

Robert Aponte North ("Petitioner" or "North") began serving
a three year special parole term March , 1996 after completion
of the twelve year sentence imposed by the U.S. District Court
of Maryland, Murray, J., on November 6, 1984.  During the
Special parole term North developed a chronic cocaine additiction
and the United states Parole Commission (the "Commission" or
"USPC") issued a warrant on May 5, 1998 after North tested positive
numerous times for use of habit forming drugs, failure to submit
supervision reports and failure to submit to drug testing as
instructed.  That warrant was executed by the United States
Marshals Service (the "Marshals") and U.S. Probation and Parole
Officer Bart Frere when North appeared for an office visit May
12.  See May 5, 1998 Warrant Application, Exhibit 1.

Probable cause was found by the Commission to violate North's
Special Parole and North was reinstated to supervision with the
special condition that North report directly to the in-patient
Second Genesis residential treatment center.  North was released
to the community on June 8, 1998.  On June 18, 1998 when scheduled
for entry to the treatment center North failed to report and the
Commission on July 9, 1998 issued a second warrant containing
the pervious violations and added another violation for failure
to abide by a special condition of parole.  See July 9, 1998
Warrant Application Exhibit 2.

2

The second warrant was executed by the Marshals on August 5, 1998 after the Alexandria Police detained North at the hotel room where a search warrant was being executed. The arrest was consequent to a "hit" on the National Crime Information Computer indicating an outstanding parole violator warrant for North.

On August 12, 1998 the Commission issued another warrant charging possession with intent to distribute cocaine; this warrant was to be held in abeyance. The Commission asked that the Marshals dismiss the executed warrant. On October 9, 1998 North pleaded guilty to the one count felony indictment and was sentenced to sixty-five months followed by a five year supervised release term.

On April 13, 1999 the Commission issued a supplement to the warrant application of August 12, 1998 confirming North's conviction and forwarded these to L.S.C.I. Allenwood requesting that the warrant be lodged as a detainer. It is this August 12, 1998 warrant action which is the subject of North's dispositional review on the record. It is this third warrant that North claims was unauthorized. It is this warrant's pending decision that is prejudicially late since it is North's position that in light of the Commission's repeated and severe sanctions imposed on North from even before commencing the special parole term, any decision from the Commission must give North credit for service of sentence concurrent with the new federal sentence; failure to make the decision concurrent will be exceeding the Commission's discretion as outside the original grant of authority of the Parole Statute.

3

Notice of a pending dispositional review on the record was given to North on or about May, 1999 (see Exhibit 4) and completed the Criminal Justice Act Parole Form on July 16, 1999 (see Exhibit 5). Assistant Federal Public Defender D. Toni Byrd was appointed as counsel to represent North on this parole matter. North has communicated a need to compel the Commission to issue its decision and now pleads accordingly.

## ARGUMENT

Title 18 U.S.C. §. 4214(c) states that "Any alleged parole violator who is summoned or retaken by warrant under § 4213 or who is retaken pursuant to subsection (b) of this section shall receive a revocation hearing within ninety days of the retaking." See Marshal's Fax, Exhibit 6.

The Commission had been notified since August 6, 1998 that the warrant had been executed and further informed that charges were then pending for the August 5, 1998 drug offense. Thereafter the Commission sought to invalidate the warrant by arbitrarily withdrawing the twice issued, twice executed warrant and subjected North to an alternate and unauthorized revocation procedure. See Notice of Action, Exhibit 7. What the Commission achieved with that action is to circumvent the statute's intent by abrogating the validly found reasons of probable cause from the July 9, 1998 properly executed warrant.

North's arrest warrant for the criminal charges occured

4

August 11, 1998 while North was held in the Alexandria Detention
Center (ADC).  Probable cause for the preliminary interview for
the very same violations of the July 9, 1998 warrant had already
been admitted by North at the May 19, 1998 preliminary interview
and concluded by the Commission by June 6, 1998; additional
probable cause arose when North failed to report to the Second
Genesis residential treatment center as ordered by the Commission
after released from custody of the May 5, 1998 warrant.  See
Exhibit 2.

The question then turns on which revocation process the
Commission must institute.  Whichever one it may claim it followed,
the one certain reality is that it did not adhere to its regula-
tion or the holding of <u>Morrissey</u>.  North has not received a de-
cision twenty months after the execution of the warrant.

Different regulations apply to each of three separate hearing
categories:  (1) preliminary interviews, conducted without un-
necessary delay, to which a parolee is entitled in order for
the Commission to determine if probable cause exists to believe
that parole was violated, 18 U.S.C. § 4214(a)(1)(A); 28 C.F.R.
§ 2.48; (2) dispositional reviews, to which a parolee is entitled
within 180 days after the Commission is notified that a parole
violator detainer has been placed, 28 C.F.R. § 2.47; and (3) re-
vocation hearings, which must be held within 60 days of execution
of a violator warrant, 28 C.F.R. § 2.49(e); see also 18 U.S.C.
§ 4214(c) (1982).

In <u>Moody v. Daggett</u>, 429 U.S. 78 (1976) the Supreme Court recognized two facts usually in dispute at a parole revocation hearing:  whether the act or acts constituting a violation of the conditions of release had been committed and whether revocation is justified.  the following regulations form the Rules and Procedures Manual channel the appropriate decision of the Commission.

§ 2.46(a) Any officer of any Federal correctional institution or any Federal officer authorized to serve criminal process within the United States, to whom a warrant is delivered, shall execute such warrant by taking the parolee and returning him to the custody of the Attorney General.

§ 2.48-06 When new violations are brought to the attention of the Regional Commissioner, it is the Commission's interpretation of 18 U.S.C. § 4213 and § 4214 that a supplemental warrant application may be issued at any time prior to the revocation hearing (whether the violations are discovered before or after the normal expiration of supervision) . . . It is also the Commission's interpretation that under § 4210(b)(2) a conviction for such a charge is a valid basis for forfeiture of street time.

§ 2.48-08(e) In cases where a conviction is not used as a basis for warrant but the Commission is advised of the conviction following such issuance, the Regional Office may advise the Marshal and the probation officer to refrain from holding the preliminary interview which would normally be conducted in the absence of

6

any such conviction.  Coincident with such information supple-
mental warrant application should be issued for deliver to the
prisoner alleging the offense for which the release was convicted.

   § 2.49(d) A parolee retaken on a warrant issued by the Commis-
sion shall be retained in custody until final action relative
to revocation of his release, unless otherwise ordered by the
regional Commissioner under § 2.48(e)(2)(this subsection is in-
applicable to North's case).

   The Commission is bound to follow its regulations and the
regulations have the force of law unless in conflict with a statute
or congressional intent.  Indeed, the Parole Statute, the USPC's
Rules and Procedure Manual, even the Commission's initial actions
compel the dismissal of the third-time, invalidly issued warrant
of August 12, 1998.  It must nevertheless surprise no one familiar
with the Commission's obduracy--as numerous case histories illus-
trate--that North's revocation hearing and decision is withheld
vel non any prejudice its detainer in abeyance causes.

   Neither the statute nor the regulations expressly authorize
the Commission to lodge a detainer prior to conviction.  Section
4213 only authorizes the issuance of a summons or warrant; it
makes no mention of detainers.  See Hopper v. U.S. Parole Commis-
sion, 702 F.2d 842, 847 (9th Cir. 1983); Heath v. U.S. Parole
Commission, 788 F.2d 85, 89 (2d Cir. 1986)(since the commission
lacks statutory or regulatory authority to lodge detainers prior
to conviction appellant may have been entitled to a probable

cause hearing on the warrant and a revocation hearing contem-
poraneously or within 60 days if the detainer was lodged against
him prior to conviction); also see <u>Smith v. United states</u>, 477
F.2d 1025, 1028 (5th Cir. 1978); <u>Harris v. Day</u>, 649 F.2d 755,
762 (10th Cir. 1981)(the remedy is to compel the decision trough
an action in mandamus).

   The Commission had a duty to proceed with the revocation
process the execution of the July 9, 1998 warrant triggered.
Any decision is now dilatory and prejudicial.  A detainer on file
with the Bureau of Prisons (even an unauthorized one) has colla-
teral consequences such as limiting institutional transfers,
a higher security level and designation, and exclusion from
consideration in specific programs.  See <u>Morrissey v. Brewer</u>,
408 U.S. at 478; <u>Parson V. Edwards</u>, 709 F. Supp. 548 (M.D.PA,
1998); <u>Goodman v. Keohane</u>, 663 F.2d 1044, 1046 (11th Cir. 1981);
<u>Crum v. U.S. Parole Commission</u>, 814 F. Supp. 1 (D.D.C. 1993)(A
"reasonable period of time within which a parole review mut be
held is 90 days. 18 U.S.C. § 4214(c)); <u>Wayslak v. Thornberg</u>, 744
F. Supp. 387 (D.D.H. 1990)(It is the retaking of the prisoner
upon execution of the warrant that triggers the right to a prompt
revocation hearing 'for the loss of liberty as a parole violator
does not occur until the parolee is taken into custody under the
warrant.'")(quoting <u>D'amato v. U.S. Parole Commission</u>, 837 F.2d
72, 76 (1988).

   Critically indisputable towards constricting the Commission's

8

discretion to revoke parole and credit retroactive concurrent
service of sentence with the new federal sentence is that nothing
impermissible was done by executing the valid July 9, 1998 warrant,
that the Commission was authorized to supplement the warrant with
the new criminal charges.

What the Commission lacked in authority it obtained by
implementation. The arbitrary and capricious action was "recom-
mended" by USPC Case Analyst Tim Tobin in a memorandum letter
to Commissioner John R. Simpson dated August 10, 1998. See
USPC letter, Exhibit 8.

The Process instituted would have resulted--not surprisingly,
given North's addictive use of drugs--in the revocation of parole
whether the criminal judgment had been conviction or acquittal.
Note as well that the August 12, 1998 warrant application only
listed Charge No. 1 - Possession with Intent to Distribute Cocaine.
The Commission consistently (as it is their interpretation of
§ 4214) revokes parole on the preponderance of evidence and
as § 2.50-01 states:

> Purpose of Revocation Hearing. The fundamental purpose
> of a revocation hearing is to determine whether there
> has been a violation of conditions of parole and/or
> mandatory release of sufficient frequency or severity
> to warrant removal from the community...In a revocation
> hearing the examiner(s) need only find that a violation
> is shown by the preponderance of the evidence.

Therefore, the Commission must use the revocation hearing

procedure.  The July 9, 1998 warrant was valid, it was properly

executed and the Commission supplemented it with a new criminal

conviction which it was authorized to do except the procedure used

was unlawful, altogether in bad faith and without statutory

authority.

### CONCLUSION:  THE WRIT OF MANDAMUS SHOULD ISSUE

North may invoke the federal court's power to issue a Mandamus

only by proving the co-existence of three elements:  (1) by

showing that North has a clear right to the relief sought; (2)

that the respondent has a clear duty to the particular act re-

quested by petitioner; and (3) no other adequate remedy is avail-

able.  See In Re First Federal Savings and Loan Ass'n, 860 F.2d

135, 139 (4th Cir. 1988); Billiteri v. U.S. Board of Parole,

541 F.2d 938, 946 (2d Cir. 1976); Kahane v. Carlson, 527 F.2d

492 (2d Cir. 1975).

North meets the statutory requirements for standing under

the  Mandamus Act "to compel a federal official to perform a

duty owed to the plaintiff."  Nova v. Stylings, Inc. v. Ladd,

695 F.2d 1179, 1180 (9th Cir. 1983); Lujan v. Defenders of Wildfire,

504 U.S. 561, 562 (1992)(When the suit is one challenging the

legality of government action or inaction, the nature and extent

of facts that must be averred (at the summary judgment stage)

or proved (at the trial stage) in order to establish standing

depends considerably upon whether the plaintiff is himself an

object of the action (or forgone action) at issue.  If he is,
there is ordinarily little question that the action or inaction
has caused him injury, and that a judgment preventing or requiring
the action will redress it.).

Clearly, a valid warrant once executed cannot be unexecuted
to give precedence to some other governmental action without
it being a violation of due process.  "Placing a detainer against
a parolee who has been arrested on an intervening charge does
not constitute execution of the warrant." Heath v. United States
Parole Commission, 788 F.2d 85, 91 (2nd Cir. 1986).  The Commission
failed to provide North a reasonably prompt hearing.  See Sutherland
v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983); Morrissey v.
Brewer, 408 U.S. at 488.  The ninety day provision was cited
with apparent approval in Moody v. Daggett, 429 U.S. at 86 n. 8.

Mandamus is appropriate when an official's duty to act
is ministerial in nature and so plain as to be free from doubt.
Even when an official's responsibilities are in some respects
discretionary, mandamus is appropriate if statutory or regulatory
standards delimiting the scope or manner in which such discretion
can be exercised have been ignored or violated.  See also Coal
Group v. Sebbban, 488 U.S. 105, 121 (1988).

The legislative history of the Parole Commission and Reorgani-
zation Act of 1976, 18 U.S.C. § 4201 et seq. (1976) reveals
that Congress contemplated a writ of Mandamus when the Commission
failed to comply with statutory time limits.  See 122 Cong. Rec.

11

S2572, 2573 (daily ed. March 2, 1976)(statement of Sen. Burdick).
If the Commission fails to act in accordance with these deadlines,
...he could compel the Commission to make their decision promptly.

...If for some reason [the Commission is] unable to meet a time
deadline, the prisoner on parole could solicit the assistance
of the Court under existing section 28 U.S.C. 1361 which is
an action in mandamus to compel an employee to the United States
to perform his duty. 122 Cong. Rec. H1499, 1500 (daily ed. March
3, 1976)(statement of Rep. Kastenneier).

The U.S. Parole Commission has acted in bad faith, and
exceeded authority at all times during North's revocation process.
North is and has been denied due process.  The detainer must
be withdrawn and the case closed.

### PRAYER

Wherefore petitioner prays that this Honorable Court order
the United States Parole Commission to render the parole decision
effecting the revocation procedure triggered by the execution
of the July 9, 1998 warrant which was supplemented with a new
criminal conviction.  Petitioner prays for any further relief
in the interest of fairness and justice.

Respectfully submitted,

Robert Aponte North
Reg. No. 21527-037
P.O. Box 2000
White Deer, PA  17887

# U.S. DEPARTMENT OF JUSTICE
## UNITED STATES PAROLE COMMISSION

# WARRANT APPLICATION

| | |
|---|---|
| Case Of ..................... North, Robert | Date ........................ May 5, 1998 |
| Reg. No ..................... 21527-037 | SPT Termination Date ............... 3/7/99 |
| FBI No ..................... 132562J7 | Violation Date ................... 6/12/96 |
| Birth Date ................... 7/10/52 | Released .................... 3/8/96 (to SPT) |
| Race ..................... White | |

Sentence Length ............. 12 Years w/3 Years SPT (orig)
Original Offense ............. Distribution of Cocaine, Aiding and Abetting; Possession With Intent to Distribute Cocaine

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

## CHARGES:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** On or about the following dates, subject submitted urine specimens which tested positive for the drugs specified:

On 6/12, 8/12, 8/27, 11/14, 11/22, 11/27, 12/20/96, 1/14, 3/4, 3/10, 3/11, 3/20, 3/21, 3/24/97, and 1/7/98 for Cocaine Metabolite

This charge is based on information contained in the letter dated 3/30/98 from USPO Frere and corresponding PharmChem Reports.
I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 2 - Failure to Submit Supervision Reports.** Subject has failed to submit his required monthly supervision report to his USPO for the month(s) of January and February 1998. This charge is based on information contained in the letter dated 3/30/98 from USPO Frere.
I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 3 - Failure to Submit to Drug Testing.** On or about the following dates, subject failed to submit a urine specimen as instructed and as required by Condition No. 14 of his/her release: 10/15, 11/4, 12/2/97, 1/13, 1/20, 1/27, 2/3, 2/10, 2/17, 3/3, and 3/10/98. This charge is based on information contained in the letter dated 3/30/98 from USPO Frere.
I ADMIT [  ] or DENY [  ] this charge.

Preliminary Interview Is Required

Warrant Recommended By:

Warrant Issued.....................................May 5, 1998

Helen A. Herman, Case Analyst
U.S. Parole Commission.

Probation Office Requesting Warrant..Eastern District of Virginia (1 - Main (Alexandria))
(  ) Commission        (  ) Inmate        (  ) Institution        (  ) USPO        (  ) Interviewing Officer        (  ) Chron

# U.S. DEPARTMENT OF JUSTICE                    WARRANT APPLICATION
## UNITED STATES PAROLE COMMISSION

Case Of . . . . . . . . . . . . . . . . . . . . NORTH, Robert
Reg. No . . . . . . . . . . . . . . . . . . . . 21527-037
FBI No . . . . . . . . . . . . . . . . . . . . . 132562J7
Birth Date . . . . . . . . . . . . . . . . . . 7-10-52
Race . . . . . . . . . . . . . . . . . . . . . . White

Date . . . . . . . . . . . . . . . . . . . . . . . July 9, 1998
SPT Parole Termination Date . . . . . . . . . . 3-7-99
Violation Date . . . . . . . . . . . . . . . . . . 6-12-96
Released . . . . . . . . . . . . . . July 28, 1995 via
MR; commenced SPT on 3-8-96. Credit time spent on previously issued warrant dated 5-5-98 from 5-12-98 until 6-8-98.

Sentence Length . . . . . . . . . . . . . 12 years w/ 3 years SPT (Original); 1148 days (PV) w/ 3 years SPT
Original Offense . . . . . . . . . . . . . Distribution of Cocaine, Aiding and Abetting; Possession With Intent to Distribute Cocaine

You will, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

CHARGES:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs. On or about the following dates, subject submitted urine specimens which tested positive for the drugs specified:

On 6-12-96, 8-12-96, 8-27-96, 11-14-96, 11-22-96, 11-27-96, 12-20-96, 1-14-97, 3-4-97, 3-10-97, 3-11-97, 3-20-97, 3-21-97, and 3-24-97 for Cocaine Metabolite.

This charge is based on information contained in the letter dated 7-6-98 from USPO Frere and corresponding PharmChem Reports.
I ADMIT [  ] or DENY [  ] this charge.

Charge No. 2 - Failure to Submit Supervision Reports. Subject has failed to submit his required monthly supervision report to his USPO for the month(s) of January, February, and June, 1998. This charge is based on information contained in the letter dated 7-6-98 from USPO Frere.
I ADMIT [  ] or DENY [  ] this charge.

Charge No. 3 - Failure to Submit to Drug Testing. On or about the following dates, subject failed to submit a urine specimen as instructed and as required by Condition No. 14 of his/her release: 10-15-97, 11-4-97, 12-2-97, 1-13-98, 1-20-98, 1-27-98, 2-3-98, 2-10-98, 2-17-98, 3-3-98, and 3-10-98. This charge is based on information contained in the letter dated 7-6-98 from USPO Frere.
I ADMIT [  ] or DENY [  ] this charge.

Charge No. 4 - Violation of Special Condition (DAPS). On or about 6-18-98, subject was scheduled to report to the Second Genesis inpatient residential drug treatment program. Subject failed to report as instructed by his USPO and as required pursuant to the Commission's Notice of Action dated 6-4-98. Subject's current whereabouts are unknown. This charge is based on information contained in the letter dated 7-6-98 from USPO Frere.
I ADMIT [  ] or DENY [  ] this charge.

# U.S. DEPARTMENT OF JUSTICE
## UNITED STATES PAROLE COMMISSION

**WARRANT APPLICATION**

| | |
|---|---|
| Case Of ...................... NORTH, Robert A. | Date ........................... August 12, 1998 |
| Reg. No ...................... 21527-037 | SPT Termination Date ................ 3-7-99 |
| FBI No ...................... 132562J7 | Violation Date ..................... 8-5-98 |
| Birth Date ................... 7-10-52 | Released ........................ 7-28-95;commenced |
| Race ........................ White | 3 year SPT on 3-8-98; Credit time spent on previously issued |
| | USPC warrants from 5-12-98 until 6-8-98 and from 8-5-98 until |
| | 8-11-98 |

Sentence Length ............. 12 years with 3 years SPT (Original); 1148 days with 3 years SPT (PV);
Original Offense ............. Distribution of Cocaine; Aid and Abet; Possession with Intent to Distribute Cocaine

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

**CHARGES:**

Charge No. 1 - Possession with Intent to Distribute Cocaine
On or about 8-5-98, subject was arrested by Alexandria Police and the DEA Task Force after police conducted a search of subject's hotel room at the Radisson Plaza Hotel in Alexandria, Virginia. Police found 7.6 grams of cocaine and drug paraphernalia in the room. While conducting the search, subject knocked on the door and police let him into the room. Subject was carrying a bag which contained plastic baggies, a scale, and approximately 1 kilogram of cocaine. Subject is in custody with charges pending. Information contained in the Criminal Complaint and Affidavit for case no. 98-693M.
I ADMIT [  ] or DENY [  ] this charge.

Preliminary Interview Is Required Unless Convicted

Warrant Recommended By:

Warrant Issued.........................................August 12, 1998

Timothy P. Tobin, Case Analyst
U.S. Parole Commission,
Probation Office Requesting Warrant..Eastern District of Virginia (1 - Main (Alexandria))
(  ) Commission        (  ) Inmate        (  ) Institution        (  ) USPO        (  ) Interviewing Officer        (  ) Chron

### Dispositional Review on the Record

#### Waiver

_____ I do not wish to submit an application. I understand that a dispositional review will be conducted by the U.S. Parole Commission without such application.

---

#### Application

Attorney Assistance

For the purpose of assisting me in the completion of this application (initial one of the following):

_____ I do not wish the services of an attorney.  Consider this as my application.

_____ I will obtain the services of my own attorney and will submit an application at a later date.

_____ I wish the service of an attorney but cannot afford to obtain one, and therefore ask that the court appoint an attorney to assist me. (Form CJA-22 must be completed to make such a request - see instructions below).  My application will be submitted at a later date.  Request is made pursuant to 18 U.S.C. 4214(b)(1).

---

I wish to offer the following information to the U.S. Parole Commission to consider during its review of my detainer (use a separate sheet if needed).

Case Manager.
Authorized by the Act of July 7,
1955, as amended, to administer
oaths (18 USC 4004)    LSCI allenwood, PA                    7/16/99

---

| Witness | Signature | Date |

#### Instructions

The Warden is requested to return this waiver/application to the U.S. Parole Commission after completion by the prisoner with a progress report and a copy of Form CJA-22.  If the prisoner wishes to request a court appointed attorney, please submit the original Form CJA-22 to the court.

| U.S. DEPARTMENT OF JUSTICE<br>United States Parole Commission | Notice of Pending Dispositional<br>Review On The Record |
| --- | --- |

Name:    NORTH, Robert                                                    Reg. No.    21527-037

Federal Institution From Which Released:    Oakdale FCI

Type of Above Release:    Mandatory Release        Date of Above Release:    March 8, 1996

Federal Warrant Issued:    August 12, 1998        USPC Advised of Detainer:N/A

District of Supervision:    Eastern Virginia

Length of Term For Which Confined:    12 years, 3 years SPT(orig.), 3 year SPT (pv)

---

This is to notify you that a parole violator warrant has been issued by the United States Parole Commission and placed against you as a detainer. The Commission will review such detainer on the basis of your file record and make an appropriate disposition.

Following the dispositional review, the Commission may let the warrant stand as a detainer and either: (1) if you are serving a state or local sentence, order that a revocation hearing be scheduled upon your return to a federal institution or order a revocation hearing to be conducted at the facility where you are confined; or (2) if you are serving a federal sentence, order that the revocation hearing be scheduled to coincide with the initial hearing on the new federal sentence (if you are eligible for parole on the new term), or upon your release from the new sentence, whichever comes first. The Commission may also decide to withdraw the warrant, and order your reinstatement to parole supervision.

If you wish to make a statement on the disposition of the detainer, complete and submit the application on the reverse side of this notice. You may have an attorney assist you with its preparation. If you cannot afford your own attorney and desire one, you may request that the United States District Court appoint one for you for this purpose, using Form CJA-22.

For the Commission to consider your comments as part of the record review, you should mail the completed forms no later than July 28, 1999. Otherwise, the Commission may conduct the review without your application and comments. You may seek an extension of time to submit your application by mailing a request for an extension no later than the deadline noted above.

AM.VAUSMO0O0.VA0990101,VAUSM1200.TXT

TO: ALEXANDRIA SHERIFF,VA ATTN: DEPUTY ▮▮▮▮▮
FROM: U.S. MARSHALS SERVICE HQ ARLINGTON, VA 1800-336-0102
SUBJ: *********WANTED PERSON*********

AM.VAUSMO0O0.
TXT
HQ USMS ARLINGTON VA

FROM: U S MARSHALS SERV HQ ARLINGTON VA
  TO: ALEXANDRIA SO,VA
      USM E/VA

SUBJ: NAM/NORTH,ROBERT APONTA   DOB/071052   NIC/W089565892

FOR: ALEXANDRIA SO,VA
THIS IS YOUR AUTHORITY TO DETAIN ABOVE NAMED SUBJECT WANTED BY USM E/VA
FOR PAROLE VIOLATION.   THIS IS A NO BAIL WARRANT, WE WILL EXTRADITE.
SUBJECT WILL BE REMANDED TO THE CUSTODY OF THE USM E/VA.

FOR USM E/VA
REQUEST YOU TAKE APPROPRIATE ACTION TO ASSUME CUSTODY OF ABOVE NAMED SUBJECT.
CONTACT ALEXANDRIA SO,VA  AT  703-838-4325  FOR DETAILS OF ARREST AND PLACE
OF DETENTION. NOTIFY THIS OFFICE WHEN SUBJECT MAY BE CLEARED FROM NCIC.

USMS HQ ARLINGTON VA/AUTH:(▮▮▮▮▮▮▮

NNNN
0023 22:57:28 06/05/98

08/11/98   10:33   ☎        )          USPC-ERO      ..(                          ☑001

**U.S. Department of Justice**                    Notice of Action
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: NORTH, Robert A.

Register Number: 21527-037          Institution: US Marshals - Alexandria, VA

---

In the case of the above-named, the following parole action was ordered:

Release from custody of warrant dated 07/09/1998 to detaining authorities.


Note: A new warrant based on the criminal charges will be forthcoming. Please return the warrant dated 07/09/1998 to the Commission.


THE ABOVE DECISION IS NOT APPEALABLE.



cc:     F. Barrow Frere, Jr.
        U.S. Probation Officer
        Eastern District of Virginia
        401 U.S. Courthouse Square
        Alexandria, VA 22314-5797

        U.S. Marshal
        Eastern District of Virginia
        200 South Washington Street
        U.S. Courthouse
        Alexandria, VA 22314

---

Date: August 11, 1998                                    Clerk: adc



rB10*Ih1hOoOE8Usql0hl2vsb3Td@-12345X@PJL RDYMSG DISPLAY = ""
-12345X

**Memorandum**

| Subject | Date |
|---|---|
| **NORTH, Robert** <br> **Reg. No. 21527-037** | August 10, 1998 |

| To | From |
|---|---|
| John R. Simpson <br> Commissioner <br> U.S. Parole Commission | Timothy P. Tobin <br> Case Analyst <br> U.S. Parole Commission |

**SUMMARY:**   The Commission issued a warrant for the above-named on 7-9-98 for administrative violations. The warrant was executed on 8-5-98. On 8-7-98, a complaint was sworn and an arrest warrant was issued based on new criminal charge of Possession with Intent to Distribute 500 grams or more of cocaine.

The U.S. Attorney's office contacted us regarding the new charges because the Marshals told them they would need to submit a writ in order to allow S. to have his initial appearance.   AUSA Bob Fitzpatick forwarded the Criminal Complaint and Arrest Warrant. He informed me that it is unlikely that the Court would set a bond in this case but he could not guarantee this would happen.

Rather than proceeding with a preliminary interview and hearing on the administrative charges while the new federal charge is pending, I recommend the Commission release S. from custody of the violation warrant and reinstate to supervision. The Commission can then issue a new violation warrant based on the new criminal charges to lodge as a detainer. Upon disposition of the new pending charges, the Commission can evaluate the case for further action.

**ANALYST RECOMMENDATION:** Release from custody of warrant dated 7-9-98. Issue new warrant based on new criminal charges to lodge as a detainer.

*************************************************************************

**Reviewer:**         _____ **Agree**    _____ **Disagree**    _____ **Discuss**

**Commissioner:**     _____ **Agree**    _____ **Disagree**    _____ **Discuss**

<br>

**Commissioner**                    **Date**

*************************************************************************

**CERTIFICATE OF SERVICE**

I, Robert A. North, the petitioner in the present civil action
Magistrate Judge No. 99-044-MW-01, do hereby swear under penalty
of perjury that on May 15, 2000 I did deposit a true copy of a
Writ of Mandamus to compel performance from the United States
Parole Commission in the formentioned  action by institutional
legal mail.

Mailed to:

        Michael Stover, General Counsel
        United States Parole Commission
        Park Place Building
        5550 Chevy Chase Blvd.
        Chevy Chase, Md 20815

I _Robert A North_ swear pursuant to 28 U.S.C. § 1746  that
the service of process was accomplished by the institutional mail
on _5/15/2000_.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

July 14, 2000

The Honorable

1 : CV01-1212   *Recd*
~~FILED~~
SCRANTON

Richard Paul Conaboy, Senior Judge

JUL 20 2000

RE: U.S. Parole Commission v. Robert A. North
    Magistrate Judge No. 99-044-MW-01

PER _____ *CC*
DEPUTY CLERK

Dear Judge Conaboy:

    I beg your help in a U.S.Parole Commission matter.
Enclosed please find copies of letters that I have written
to CJA attorney D. Toni Byrd, to Magistrate Judge Askey and a
mandamus to the Commission: all in an effort to obtain a
decision from the Commission since 1998.

    The law is clear,Your Honor, that the Commission is
statutorily constrained to render a revocation decision
within ninety days of executing a warrant except in this case
an August 10, 1998, memorandum words the reason that the
Commission took the action it did of issuing a new warrant.
See Case Analyst Timothy Tobin's memorandum dated 8/10/98.
**Franklin against Fenton** is inapplicable here notwith-
standing that the Commission has given not yet indicated
what it intends for a decision. That is exactly why I
denounce that I have been and continue to be denied due process.

    I merely ask that the Commission do what Congress
mandated it to do under the Parole Statute of 1976.

    I would not have troubled Your Honor if I had some other
recourse but those are spent and still no decision. Please
help.

Respectfully submitted,

*RA North*

Robert A. North
Reg No. 21527-037
P.O. Box 2000
White Deer, PA  17887

Robert Aponte North
Reg No. 21527-037
P.O. Box 2000
White Deer, PA   17887

**July 12, 2000**

D. Toni Byrd, Attorney at Law
Asst. Federal Public Defender
Middle District of Pennsylvania
330 Pine Street, Suite 302
Williamsport, PA   17701

RE: **U.S.A. v. Robert North**
    **Magistrate Judge No. 99-044-MW-01**

Dear Toni:

        I just don't know where to turn for help. I have tried
to let you know in advance what I assistance I need from you
and also in advance fill  you in on what I will do. You
appear to have stopped helping me.

        Toni, on several occasions I have solicited help that I
could not for one reason or another obtain from here. For
instance,  records  from  the  treatment  center  that  the
Commission ordered me to attend. I confided to you, Toni,
that those records will most assuredly come into the mix when
the Commission abuses its discretion in excess of what it
already has and refuses to credit time for service of parole
sentence after the numerous actions it ordered of me and/or
the time I served after it executed a valid warrant. I had a
chronic disease, the Commission had executed a warrant in
May of 1998, and then failed in its responsibility to me and
the public since it was glaringly obvious that  I  needed
immediate  medical  treatment. The psychiatrist that
interviewed me at the Alexandria Jail In September of 1998
counseled  me  that it would take about two years for my
mental faculties and emotional health to recover. I agree.

Additionally, I asked you, and do so now, to please send me the text of the guidelines in effect in November of 1984 that discusses Commission guideline § 2.46 and specifically §2.46-03 and the Federal Register records that promulgated it as a rule and the effective date. I will appreciate that you send me what I need, Toni. Please.

In the next few days I will move the district and the appeals court to compel the Commission act on my decision and also to address the inadequacy that the mandamus served when it is statutorily decreed, supposedly, to be the adequate avenue to compel ministerial duties from government agencies and officers where no other remedy exists. I sought and nothing happened; it was an empty pursuit and question if this whole process is but an unmitigated shameful sham disguised as due process.

I repeat, I will present these issues to the Third Circuit and if that too prove to be of no avail, then to the Supreme Court.

Two years trying to extract a decision from this renegade Commission and over one year with your "assistance".

I ask that you please give me a reading with respect to your representation. I am not pleased the way things have gone and again must ask where your loyalty and interest lies. I Thank you.


Sincerely,

Robert Aponte North
Reg. No. 21527-037
P.O. Box 2000
White Deer, PA  17887

June 24, 2000

D. Toni Byrd, Esq.
Asst. Federal Public Defender
Middle District of Pennsylvania
330 Pine Street, Suite 302
Williamsport, PA  17701

**1 : CV01-1212**
FILED
SCRANTON

JUN 2 9 2001

PER _____
DEPUTY CLERK

Re: <u>U.S.A. v. Robert North</u>
    <u>Magistrate Judge No. 99-044-MW-01</u>

Dear Toni:

Thank you for your letter dated June 13, 2000, apprising me
of the U.S. Parole Commission's latest delay tactic.

The gist of Mr. Kubic's explanation is outright prevaricative
since it has been a mere twenty-two months within which to make
any arrangements of records. Come on, Toni!

Furthermore, it telegraphs a decision from the Commission
that will not include relief from an already disregarded revoca-
tion process as the plain language of the enabling parlae statute
mandates.

And so, Toni, what do we now? Whatever it is, it will be re-
tarded by the excess time it will take beyond the two thirds date
a worst case scenario after revocation would  have brought.

Will you continue this with me or has your participation been
simply pro forma to comply with the CJA? I hope you remain allied
to my position which is legally correct and positively defensible.

Please let me know what is up. I thank you and ask for an
attorney visit.

Sincerely yours,

*Robert A North*

**Post Scripto**: Toni, Are you able to provide me with Federal Regis-
ter records as for instance on Comm'n Manual § 2.46-13 and when
exactly it was "enacted"? Please.
Po

Robert Aponte North
Reg. no. 21527-037
P.O. Box 2000
White Deer, Pa  17887

June 13, 2000

The Honorable
William H. Askey
United States Magistrate
United States District Court
Middle District of Pennsylvania
25 West Third Street
Williamsport, Pennsylvania  17701

**Re: U.S. Parole Commission v. Robert North
    Case No. 99-044-MW-01**

Dear Magistrate Askey:

  I write to say that I am at wits end attempting to obtain
the U.S. Parole Commission's decision on my case. I have also
pursued the only statutory remedy available to me in the form
of a mandamus action from this Honorable Court.

  At this point I can assure the Court that I have communi-
cated my need to compel a decision from the Commission to my
attorney D. Toni Byrd. I have not had a response from either
Ms. Byrd, the Court, or the Commission. It would be disingenuous
for any person to suggest that I am not prejudiced inasmuch as
a Commission decision in my case pursuant to the Parole Act's
mandate for a revocation hearing would have provided adequate
relief.

  Your Honor, I ask for guidance here. I will ask Ms. Byrd
for the last time to do something respecting the matter soon.
It is my belief that the only remaining alternative is to seek
a 28 U.S.C. § 2241 petition which will have made this whole
revocation process a sham and an unnecessary cost of judicial
resources.

  I ask for this Honorable Court's prompt supervisory inter-
vention to correct the refusal of the Commission to render any
decision.

Respectfully submitted,

Robert A North
21527-037
P.O. Box 2000
White Deer, PA 17887

May 25, 2000

The Honorable
William H. Askey                **1 : CV01-1212**
United States Magistrate Judge
Middle District of Pennsylvania
25 W. Third
Williamsport, PA 17701

Re: Robert North v. U.S. Parole Commission

Dear Judge Askey:

    I acknowledge receipt of Your Honor's letter dated May 23, 2000. Thank you for a response.

    I write now to say that I too sent Ms. Byrd, my CJA attorney for this matter, a copy of the writ of mandamus which I instituted to compel a revocation hearing by the Commission. I delayed sending Ms. Byrd a copy because I was prevented from making additional copies at the time. (We must buy debit cards to xerox copies).

    What I need to clarify, Your Honor, is that I have been urging (and Ms. Byrd has been urging) the Commission to act. The Commission's refusal is why I sought judicial intervention through the mandamus: to have Your Honor issue the order to compel.

    Twenty-two months have passed since the execution of the warrant of July 9, 1998 (executed 8/5/98). Prejudice has already attached since any decision the Commission renders that does not validate the July 9, 1998 revocation procedure will extend the pursuit of relief in a habeas action that will surely ensue.

    I pray Your Honor's prompt intervention.

Respectfully submitted,

Robert A North

Robert Aponte North
21527-037
P.O. Box 2000
White Deer, PA 17887

May 24, 2000

D. Toni Byrd,
Assistant Federal Public Defender
Middle District of Pennsylvania
330 Pine Street, Suite 302
Williamsport, PA 17701

Re: Robert NOrth v. U. S. Parole Commission

Dear Toni:

I send with this a motion to compel the Parole Commission to follow through with the revocation procedure initiated when the violator warrant was executed on August 5, 1998.

recall that I had expressly asked that you move to have them render the decision. Despite the prejudice that attends a late decision to me, the Commission has not acted ingood faith, it persists withholding  a proper revocation hearing and you have been lax in permitting them. The statute doesn't.

Where are you on this, Toni? Nothing has come from what was started back in August of 1998 or even granting the Commission a dispositional hearing with discretion to run violator term concurrent with the new federal sentence, their inaction is inexcusable.

Would you please let me know what is going on, Toni? I look forward to  your prompt reply. Thanks and take care. A visit?

Sincerely yours,

Robert North

Robert Aponte North
21527-037
P.O. Box 2000
White Deer, PA 17887

May 24, 2000

D. Toni Byrd,
Assistant Federal Public Defender
Middle District of Pennsylvania

## FEDERAL PUBLIC DEFENDER
### Middle District of Pennsylvania
### 330 Pine Street, Suite 302
### Williamsport, PA l770l

Telephone: (570) 323-93l4
FAX:      (570)323-9836

### MEMORANDUM

**TO:** D. Toni Byrd, Esquire

**FROM:** Joanne M. Matty, Paralegal/Legal Secretary

**DATE:** June 5, 2000

**SUBJECT:** <u>U.S.A. v. Robert North</u>
Telephone Conversation with Scott Kubic of U.S.P.C.

Finally, I received a return call from Scott Kubic of the Parole Commission concerning a decision in the above matter.  Mr. Kubic apologized for not getting back to me sooner.  He further went on to explain that the file unfortunately has been returned to him because the Commission wants him to obtain the PSI for Mr. North's current offense.  According to Mr. Kubic, the offense description in his recommendation apparently was not good enough.  Mr. Kubic has called Case Manager Stork at Allenwood and requested that he FAX Mr. North's PSI to him.  If the PSI is too long, it may have to be mailed.  Mr. Kubic told me that if it looks like the decision will be a week or more, he will call us.  However, he does expect it this week.